## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| SARATOU G. STEWART, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 1:07-0231 |
| ) | |
| ALBERTO R. GONZALES, ) | |
| United States Attorney General, ) | |
| ) | |
| and ) | |
| ) | |
| DEBORAH A. HICKEY, Warden, ) | |
| FPC Alderson, ) | |
| ) | |
| Respondents. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Petitioner,[1] by counsel, Ray M. Shepard, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241. (Document No. 1.) Petitioner also filed a Memorandum of Law in Support of her Section 2241 Petition. (Document No. 2.) In her Petition, Petitioner requests that the Court "issue a Writ of Habeas Corpus invalidating the 2005 BOP rules." (Id., p. 7.) Petitioner argues "that the 'categorical exercise of discretion' announced in 28 C.F.R. § 570.20 is in direct conflict with the intent and mandate of Congress codified at 18 U.S.C. § 3621(b)." (Id.) Specifically, Petitioner claims that the factors announced in Section 3621(b) are not susceptible to categorical determination" and "the factors are specific to the individual being considered for placement." (Id., p. 9.) Thus, Petitioner asserts that she has a statutory right to an

---

[1] Petitioner pled guilty on January 6, 2006, in *United States v. Stewart*, Criminal No. 1:05-0600, in the United States District Court for the District of Maryland to one count of bank fraud in violation of 18 U.S.C. § 1344. The District Court sentenced Petitioner on April 11, 2006, to 18 months in prison. The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on October 1, 2007.

individual determination under the factors of Section 3621(b). (Id.) Petitioner cites the decisions of several Courts urging that they support her position.[2] (Id., pp. 8 - 10.) Petitioner, therefore, requests that the Court "find that the BOP rules are incompatible with mandate of Congress and grant Ms. Stewart the individualized placement determination she deserves." (Id., p. 10.)

By Order filed on June 4, 2007, the undersigned directed Respondents to show cause, if any, why Petitioner's Petition for Writ of *Habeas Corpus* should not be granted. (Document No. 4.) Respondents filed a Response on June 18, 2007, arguing that Petitioner's Petition and request for mandamus relief must be denied. (Document No. 7.) First, Respondents state that "[t]his Court has

---

[2] Petitioner cites *Wedeslstedt v. Wiley*, 2007 U.S. App. LEXIS 3701 (10th Cir. Feb. 20, 2007); *Levine v. Apker*, 455 F.3d 71, 87 (2nd Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Woodall v. Federal Bureau of Prison*, 432 F.3d 235, 237 (3rd Cir. 2005). At issue basically in these cases was whether the Bureau of Prisons' policy adopted on February 14, 2005, of categorically limiting inmates' community or halfway house confinement to the last ten percent of their sentences not to exceed six months, *see* 28 C.F.R. § 570.20, was valid when 18 U.S.C. § 3621(b) requires that the Bureau of Prisons make community confinement decisions on the basis of specified factors including "the nature and circumstances of the offense" and "the history and characteristics of the prisoner." These Courts conclude that the February 14, 2005, policy is invalid because it does not take into account the Section 3621(b) factors. Other District Courts disagreed. *See for example Yip v. Federal Bureau of Prisons*, 363 F.Supp.2d 548, 552 (E.D.N.Y. 2005)("The BOP has identified a category of prisoners – inmates who are not yet required to be considered for transfer to a CCC under Section 3624(c), but are eligible under Section 3621(b) – and created a rule denying transfer to all of them, in conflict with no identified directive of Congress.); *DeFrancesco v. Federal Bureau of Prisons*, 2005 WL 1712020, *9 fn.11 (D.N.J.)(citing the decisions of other Courts). Courts in this Circuit have concluded that the 2005 policy is invalid. *Jaworski v. Gutierrez*, 509 F.Supp.2d 573, 585 (N.D.W.Va. 2007); *Williams v. Pettiford*, 518 F.Supp.2d 737, 746 (D.S.C. 2007); *Syrek v. Phillips*, 2008 WL 4335494 (N.D.W.Va). The Courts of Appeals are likewise split on the issue. The Courts in *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 244 (3rd Cir. 2005); *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 85 - 87 (2nd Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Rodriguez v. Smith*, 541 F.3d 1180, 1184 - 1189 (9th Cir. 2008) find the policy invalid. One Court of Appeals has disagreed. *Munoz v. Sabol*, 517 F.3d 29, 38 (1st Cir. 2008)." Because the majority of the Courts which have considered the issue have concluded that the BOP's 2005 policy is invalid, it appears that the appropriate course when an inmate challenges the BOP's plan for releasing her to a CCC is to require the BOP to respond and demonstrate that in development of the release plan, it has considered the factors set forth in Section 3621(b) as in *Syrek v. Phillips*, 2008 WL 4335494 (N.D.W.Va). It appears that the BOP is now required to consider those factors under the Second Chance Act of 2007.

previously held that § 3624(c) expressly limits the placement of prisoners in a RRC to the last 10% of their prison term, not to exceed six months." (Id., pp. 7 - 10.) Next, Respondents assert that "[p]ursuant to Lopez v. Davis, the BOP can, in its discretion, restrict its placement of inmates in RRCs to those serving the last ten percent of their sentence." (Id., pp. 10 - 15.) Respondents attached the Declaration of Sharon Wahl, a paralegal for the Consolidated Legal Center for FCI Beckley, to their Response. (Document No. 7-2.) Ms. Wahl states as follows in her Declaration:

5. Inmate Stewart's current projected release date, the date on which she will complete serving her sentence with consideration for good conduct time, is October 1, 2007.

6. Inmate Stewart is currently eligible for placement in a Residential Reentry Center (RRC), and she is expected to be released to a RRC for the last 10% of her sentence, on or about August 16, 2007.

7. In 2006, the Bureau of Prisons changed the term Community Corrections Center (CCC) to Residential Reentry Center (RRC).

(Id.) On March 4, 2008, Respondents filed a Motion to Dismiss. (Document No. 10.) Respondents state that Petitioner was released from custody on October 1, 2007. Therefore, Respondents argue that Petitioner's claim is moot and should be dismissed.

**DISCUSSION**

As noted above, the Bureau of Prisons' Inmate Locator indicates that Petitioner was release from custody on October 1, 2007. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition for Writ of Habeas Corpus.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondents' Motion to Dismiss (Document No. 10), **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**,

and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner and counsel of record.

Date: February 20, 2009.

R. Clarke VanDervort
United States Magistrate Judge